UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JAMES BRANCH,<br>　　　　Defendant. | Case No. 04-cr-40022-PJH-4<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Dkt. No. 270 |

　　　The government has filed a motion to stay the motion of defendant James Branch to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government seeks a stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").  The ACCA residual clause invalidated in *Johnson* is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2).  The Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review.

The government represents that *Beckles* will likely decide the application of *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255 motion. Doc. no. 270. Defendant promptly filed an opposition to the motion to stay, emphasizing that he would be prejudiced by a stay of his § 2255 motion because if he is granted relief on his *Johnson* claim, he could be resentenced to time served. Doc. no. 272. He states that he is serving a total 200-month prison sentence, based on a downward departure from a guideline sentencing range of 262 to 327 months. Without the career offender enhancement, he contends that his guideline range would have been 46-57 months for the armed bank robbery conviction on count one of the indictment, plus a 60-month consecutive sentence for the firearms offense in count two. He represents that he has already served over 132 months in custody.

In support of his opposition to the stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth Circuit held that the district court abused its discretion by staying a habeas petition pending resolution of an appeal in a case before the Ninth Circuit presenting similar issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v. Davis*, 533 U.S. 678 (2001). In reviewing the stay order, the Ninth Circuit noted that "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and the case is remanded for further proceedings." *Id.* at 1119. The court in *Yong* reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," and held that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here." *Id.* at 1120-21.

The court carefully considers whether a stay pending resolution of *Beckles* is likely to be resolved without inordinate delay because of the court's duty to adjudicate habeas petitions in a timely manner.  *Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles* is expected within a year, the government does not seek an indefinite stay*.*  Unlike the appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely to decide conclusively the question presented in *Beckles* whether *Johnson* applies retroactively to collateral challenges to sentence enhancements applied under the residual clause of the guidelines.  Staying these proceedings pending a decision by the Supreme Court on this threshold question could, however, result in prejudicial delay to defendant, who seeks a reduced term of imprisonment that may be exceeded by time served.  Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.

Accordingly, the government's motion to stay the § 2255 motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 10, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge