1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    UNITED STATES OF AMERICA,
8                    Plaintiff,              Case No.  04-cr-40022-PJH-4
9          v.                                **ORDER DIRECTING GOVERNMENT
                                             TO PROVIDE STATE COURT
10   JAMES BRANCH,                           JUDGMENTS UNDERLYING PRIOR
                                             CONVICTIONS**
11                   Defendant.
12
13
14         Before the court is the motion of James Branch ("movant") for an order under 28

15   U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Movant argues that the

16   failure of the government to provide the statute underlying the prior convictions that were

17   determined to be crimes of violence under U.S.S.G. § 4B1.2 was an error that greatly

18   hinders the analysis of his claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

19   Mot. (doc. no. 257) at 13-14; Reply (doc. no. 265) at 11 (citing *United States v. Pimentel-*

20   *Flores*, 339 F.3d 959, 967 (9th Cir. 2003) (holding that it was plain error for the district

21   court to rely solely on the factual description of the prior offense in the PSR to apply a

22   sentencing enhancement where the government failed to provide the statute of conviction

23   or judicially-noticeable evidence to establish the statute of conviction)).  Movant does not

24   concede that his prior convictions, for second degree robbery and for inflicting corporal

25   injury on a spouse or cohabitant, were based on violations of Cal. Penal Code § 211 and

26   § 273.5, respectively, although he does not contend that there are any other California

27   statutes that could possibly underlie those convictions.  For its part, the government does

28   not address its error in failing to provide the statutes of conviction.  Nor does the

United States District Court
Northern District of California

United States District Court
Northern District of California

government contend that movant's argument that the government failed to specify the statutes underlying the prior convictions is procedurally defaulted, though it appears from the available record that movant did not timely raise this objection, either at the time of sentencing or on direct appeal, and raises this argument for the first time on collateral review.

Because movant failed to object timely to the absence of a statutory reference for each of his prior convictions, the record does not reflect the specific statute of conviction, but identifies the crime and state court docket reference for each prior conviction.  Rather than requiring movant to show cause and prejudice to excuse procedural default of this argument, the court orders the government to supplement the record with judicially noticeable evidence identifying the statute underlying each of movant's prior convictions, based on Ninth Circuit authority which permits the court to take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (taking judicial notice of judgment of conviction entered by Nevada state court where the government failed to supply the sentencing judge with the actual statute of the prior conviction) (internal citation and marks omitted).  Having reviewed the PSR, which cited the state court docket numbers for each of movant's prior convictions in describing his criminal history, the court directs the government to supplement the record with a declaration identifying and attaching a copy of the judgment entered in the state court docket on each of movant's prior convictions, as identified in the PSR ¶¶ 35, 41, 42:

> (1) Second Degree Robbery conviction in Alameda County Superior Court, Docket No. H20039, following an arrest on August 3, 1994, and
>
> (2) Inflict Corporal Injury on Spouse/Co-Habitant conviction in Alameda County Superior Court, Docket No. 132112, following an arrest on December 15, 1997.

2

The government shall submit the documents for judicial notice by **September 29, 2016**.

> **IT IS SO ORDERED.**

Dated:  September 22, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge