UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

JAMES BRANCH,

            Defendant.

Case No.  04-cr-40022-PJH-4

**AMENDED ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE; GRANTING CERTIFICATE OF APPEALABILITY**

Doc. no. 257

Before the court is the motion of James Branch ("movant" or "Branch") for an order under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Doc. no. 257.  The court issued an order to show cause, and the government filed an opposition to the motion.  Movant timely filed a reply.  The matter is submitted on the papers and is suitable for decision without oral argument.  Having reviewed the available record and carefully considered the parties' papers and relevant authority, the court DENIES the § 2255 motion for the reasons set forth below.

## BACKGROUND

The court notes that the original court file in this case was misplaced when it was transmitted to the clerk's office by the court of appeals upon remand.  The paper file maintained up through the appeal, which was noticed on September 12, 2005, remains missing.  To summarize the factual background and procedural history of this case, the court relies on the electronic court docket; the presentence report ("PSR") prepared by the Probation Office, doc. no. 260; the transcript of the sentencing hearing ("Tr."), doc. no. 198, which was originally filed in hard copy and then filed on the docket in electronic

format by the court on August 30, 2016; the memorandum disposition entered by the

court of appeals, *United States v. Branch*, 197 Fed. Appx. 681 (9th Cir. 2006); and the

amended judgment entered on September 28, 2006, by the then-presiding judge.

Movant is currently serving a sentence imposed by former United States District

Judge Martin Jenkins.  By indictment filed on February 5, 2004, movant was charged with

(1) armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); and (2) possession of

a firearm during commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1).

Movant entered an open plea to both counts.

At sentencing, the PSR found that movant had been convicted of at least two prior

felony convictions for a crime of violence that supported a finding that he was a career

offender within the meaning of U.S.S.G. § 4B1.1: (1) Second Degree Robbery conviction

in Alameda County Superior Court, Docket No. H20039, following an arrest on August 3,

1994, and (2) Inflict Corporal Injury on Spouse/Co-Habitant conviction in Alameda County

Superior Court, Docket No. 132112, following an arrest on December 15, 1997.  PSR

¶¶ 35, 41, 42.  Accordingly, the PSR calculated a guideline sentencing range of 262 to

327 months as to Count One, corresponding to a total offense level of 34, and a criminal

history category of VI.  PSR ¶ 35.  Without the career offender enhancement, the PSR

noted that as to Count One, the total offense level would be 19 and the criminal history

category would be IV, which would have resulted in a guideline range of 46-57 months.

As to Count Two, the PSR found that under § 2K2.4(b), the guideline sentence for a

violation of 18 U.S.C. § 924(c)(1) was five years imprisonment, consecutive to any other

term imposed, as required by statute.  PSR ¶ 38.

Addressing defense counsel's indication that the defense would seek a downward

departure due to the overstated seriousness of movant's criminal history and career

offender status, the PSR summarized the offense conduct underlying the prior

convictions:

> However, it appears that the defendant is adequately
> classified as a career offender based on the two violent
> crimes of Second Degree Robbery and Inflict Corporal Injury

1    on Spouse/Co-Habitant.   During the robbery, the defendant
2    used a handgun, and in the second offense, he punched and
     choked the victim, a former girlfriend, bit her on the arm and
3    back, grabbed her throat, dragged her across the floor while
     stating "I'm gonna kill you" and "I want to kill you so bad I don't
     care what happens.  I have nothing to lose," while continuing
4    to choke her.

5    PSR Sentencing Recommendation at 2.  In referring to the prior felony convictions, the

6    PSR did not refer to the definition of a "crime of violence" in the career offender guideline,

7    but stated that "[i]t appears that the defendant's history of violence continues as he

8    possessed a handgun during the commission of the instant offense, which, if discharged,

9    could have potentially caused substantial harm and/or death if used on innocent bank

10   customers and/or tellers."  *Id.*  Taking into consideration the factors set forth in 18 U.S.C.

11   § 3553(a), including the nature and circumstances of the offense and the history and

12   characteristics of the defendant, the PSR recommended a below-guideline sentence of

13   140 months imprisonment as to Count One, plus five years consecutive as to Count Two.

14   The court sentenced movant to the recommended term of imprisonment, to be

15   followed by five years of supervised release as to each count to run concurrently, a

16   special assessment of $200, and $695 in restitution, joint and several with the co-

17   defendants.  In analyzing the Chapter Four sentencing enhancements, the court found

18   that movant's criminal history included three convictions that established his career

19   offender status under § 4B1.1: (1) conviction in 1991 for possession of marijuana for sale;

20   (2) conviction in 1994 for second degree robbery; and (3) conviction in 1997 for infliction

21   of corporal injury to cohabitant or spouse.  Tr. at 58.  The PSR reported the 1991 drug

22   conviction in the criminal history section of the report, but did not refer to the controlled

23   substance offense in the discussion of Chapter Four enhancements, which referred only

24   to the convictions for robbery and inflicting corporal injury on spouse/cohabitant.  PSR

25   ¶¶ 35, 40.  The court determined that probation correctly computed the guideline range.

26   Tr. at 58.

27   Movant appealed from the judgment, arguing that the sentence was unreasonable

28   because the court did not sufficiently take into account his abusive childhood and that the

1   sentence was unreasonable compared to the sentence that one of his co-defendants

2   received.  *Branch,* 197 Fed. Appx. at 682-83.  The Ninth Circuit affirmed the sentence,

3   holding that the court imposed a reasonable sentence, but remanded to correct an

4   erroneous statutory reference in the judgment.  *Id.* at 683.  On September 28, 2006, the

5   court entered an amended judgment upon remand.  Doc. no. 206.

6         On March 31, 2016, movant filed the instant motion to vacate, set aside or correct

7   his sentence pursuant to 28 U.S.C. § 2255.  The government filed a motion to stay the

8   proceedings, pending a ruling by the Supreme Court in *Beckles v. United States*, No. 15-

9   8544, which the court denied.  The matter is fully briefed and submitted.

10                      **ISSUE PRESENTED**

11         In his § 2255 motion, movant presents the following claim: that his rights to due

12   process, under the Fourth and Fifth Amendments, and his right against excessive

13   punishment, under the Eighth Amendment, were violated when he was sentenced to 200

14   months incarceration based on a finding that he had two prior felony convictions that

15   qualified as crimes of violence under the residual clause of U.S.S.G. § 4B1.2, which has

16   been rendered unconstitutionally vague by *Johnson (Samuel) v. United States*, 135 S. Ct.

17   2551 (2015).

18                      **LEGAL STANDARD**

19         Under the federal habeas statute, relief may be granted to a federal prisoner

20   challenging the imposition or length of sentence on four grounds: (1) if the sentence

21   violated the Constitution or laws of the United States; (2) if the sentencing court was

22   without jurisdiction to impose sentence; (3) if the sentence exceeded the maximum

23   penalty allowed by law; or (4) if the sentence is otherwise subject to collateral attack.  28

24   U.S.C. § 2255.  Despite this broad language, violations of federal law are only cognizable

25   if they involve a "fundamental defect" causing a "complete miscarriage of justice."  *Davis*

26   *v. United States*, 417 U.S. 333, 346 (1974).

27

28

United States District Court
Northern District of California

**DISCUSSION**

Movant claims that he was sentenced under the career offender guidelines after the court found him to have two prior felony convictions that each qualified as a "crime of violence" under the residual clause of § 4B1.2. A "crime of violence" is defined at § 4B1.2 under the "force clause" (or "elements clause") in subsection (a)(1) and under the "enumerated offenses clause" and the "residual clause" in subsection (a)(2):

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2. The residual clause of § 4B1.2(a)(2) is identical to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), defining a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." In *Johnson*, the Supreme Court held that the residual clause of the ACCA violates the Constitution's guarantee of due process against vague criminal laws. 135 S. Ct. at 2563.

Here, the government does not dispute that *Johnson* applies to the residual clause of U.S.S.G. § 4B1.2(a)(2) for cases on direct appeal, but argues that movant is not entitled to collateral relief for three reasons: (1) the claim is procedurally defaulted; (2) *Johnson* does not apply retroactively to the career offender guidelines; and (3) even if *Johnson* applies retroactively on a collateral challenge to the residual clause of § 4B1.2(a)(2), each of movant's prior convictions qualifies as a crime of violence without relying on the residual clause of § 4B1.1(a)(1). Opp. (doc. no. 264) at 1.

As a threshold matter, movant contends that the government's failure to provide the statute underlying the prior convictions that were determined to be crimes of violence

5

United States District Court
Northern District of California

under U.S.S.G. § 4B1.2 was an error that greatly hinders the analysis of his claim under *Johnson*. Reply (doc. no. 265) at 11 (citing *United States v. Pimentel-Flores*, 339 F.3d 959, 967 (9th Cir. 2003) (holding that it was plain error for the district court to rely solely on the factual description of the prior offense in the PSR to apply a sentencing enhancement where the government failed to provide the statute of conviction or judicially-noticeable evidence to establish the statute of conviction)). To give the government an opportunity to cure this error, which movant apparently did not challenge at the time of sentencing or on direct appeal, and to enable the court to proceed with an analysis of the merits of movant's § 2255 claim, the court ordered the government to file judicially noticeable documents specifying the statute underlying each of movant's prior convictions, as identified in the PSR. Doc. no. 280 (citing *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)). *See United States v. Matthews*, 278 F.3d 880, 889 (9th Cir. 2002) ("it makes little sense for us to direct the district court to determine whether the state statutes of conviction meet *Taylor*'s requirements, but not to allow the government to establish which statutes the district court should consider").

The government submitted a copy of the abstract of judgment in movant's 1998 conviction for inflicting corporal injury on a spouse or cohabitant, in violation of California Penal Code § 273.5, Alameda County Superior Court, Docket No. 132112. Doc. no. 282. The government represents that it has been unable to obtain from the California Department of Corrections a copy of Branch's 1994 judgment for second degree robbery, which may not be stored in a digital archive and may be difficult to find. Decl. of J. Douglas Wilson (doc. no. 282-1) ¶ 4. The court takes judicial notice of the 1998 state court abstract of judgment which clearly establishes that Branch was convicted under Penal Code § 273.5.

The court further takes judicial notice that the abstract of judgment indicates that Branch was "*** Sentenced pursuant to PC 1170.12(c)(1)," which provided that "[i]f a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise

provided as punishment for the current felony conviction."  West's Ann. Cal. Penal Code § 1170.12 (1998).  The abstract of judgment is accompanied by a marked copy of the February 17, 1998, information, with notations bearing the presiding judge's stamp dated April 16, 1998, which is the date of conviction recorded on the abstract of judgment.  The notations to the information indicate that the first two counts against Branch were dismissed, that the great bodily injury clauses were stricken, and that Branch pled to the third count for violating section 273.5 of the Penal Code and admitted to a prior felony conviction in Alameda County Superior Court on or about September 29, 1994, for "ROBBERY, a violation of section 211 of the Penal Code of California."  Doc. no. 282-1. The court takes judicial notice of this state court record identifying the statute underlying the 1994 robbery conviction as Penal Code § 211, which corresponds to the prior conviction reported in the PSR ¶ 41 for second degree robbery on September 28, 1994. Although the government did not provide a copy of the judgment on movant's prior robbery conviction, the state court record of his 1998 conviction and sentence for inflicting corporal injury on a spouse/cohabitant includes his admission to the 1994 robbery conviction, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" pursuant to FRE 201(b), and provides "other documentary evidence that clearly establishes the statutes under which [Branch] was convicted."  *Matthews,* 278 F.3d at 885.  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2006) (taking judicial notice of judgment of conviction entered in state court where "those proceedings have a direct relation to matters at issue," after the government conceded that it failed to provide the sentencing judge with the statute underlying a prior controlled substance offense).

Having taken judicial notice of the state court records submitted by the government, the court finds that the statutes underlying movant's prior convictions have been identified for purposes of reviewing the career offender sentencing enhancement.

I.      **PROCEDURAL DEFAULT**

The government contends that movant is barred from raising the *Johnson* claim on a collateral challenge to the judgment because he failed to raise the claim on direct review and has not demonstrated cause and prejudice to excuse the procedural default. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *United States v. Ratigan*, 351 F.3d 957, 964 (9th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations and marks omitted)).  There is no dispute that movant did not challenge the career offender guideline provision as unconstitutionally void on direct appeal.  Movant does not address the grounds to excuse his failure to raise the challenge on direct appeal, but argues generally that *Johnson* should be applied retroactively.  Reply (doc. no. 265) at 4.  As movant does not assert actual innocence to excuse the procedural default, the court proceeds to consider whether the record demonstrates cause and prejudice.

A.      **Cause**

"To allege cause for a procedural default, a petitioner must assert that the procedural default is due to an 'objective factor' that is 'external' to the petitioner and that 'cannot fairly be attributed to him.'" *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).  Under this standard, "a showing that the factual or legal basis for a claim was not reasonably available to counsel" establishes cause for a procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  The government argues that the vagueness claim was "reasonably available" to movant when he pleaded guilty and at the time of his direct appeal, because he had grounds to argue that the residual clause of the career offender provision was vague. Opp. at 5-6.  While the Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *Bousley*, 523 U.S. at 623, the legal basis for a vagueness challenge to the career

8

offender guideline was "not reasonably available to counsel" in light of the Supreme Court's holdings in *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States*, 131 S. Ct. 2267 (2011), both of which were expressly overruled by *Johnson.* As Justice Scalia noted in his discussion of the Court's prior rulings on the ACCA, "[i]n both *James* and *Sykes*, the Court rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws." *Johnson*, 135 S. Ct. at 2556. In light of this authority, the court finds cause for movant's failure to raise the vagueness challenge on direct appeal.

### B. Prejudice

To establish the prejudice prong to excuse the failure to raise a claim on direct appeal, a defendant must show not merely "a *possibility* of prejudice," but that the alleged error "'worked to his *actual* and substantial disadvantage.'" *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To satisfy the cause and prejudice test to excuse procedural default, a defendant must demonstrate prejudice "significantly greater than that necessary under the more vague inquiry suggested by the words 'plain error.'" *Murray*, 477 U.S. at 493-94. The plain error test of Federal Rule of Criminal Procedure 52(b) applies on direct review of an error not raised in the district court. *United States v. Cotton*, 535 U.S. 625, 631 (2002). Under Ninth Circuit authority, miscalculation of the guideline sentencing range, potentially resulting in the imposition of a greater sentence, constitutes plain error that affects a defendant's substantial rights and the fairness of the judicial proceedings. *See United States v. Bonilla-Guizar*, 729 F.3d 1179, 1188 (9th Cir. 2013) (citing *United States v. Castillo-Marin*, 684 F.3d 914, 927 (9th Cir. 2012)) (internal marks omitted).

As noted by the government, without the career offender enhancement, movant's offense level would have been 19, with criminal history category IV, resulting in a guideline sentencing range of 46 to 57 months. Opp. at 2. The government contends that movant has not demonstrated actual prejudice, which requires a higher showing than his prima facie assertion of plain error in the guideline calculation. Opp. at 6. However,

1   movant asserts not merely plain error in the guideline calculation, which resulted in a

2   significant discrepancy between the career offender guideline range, 262 to 327 months,

3   and the guideline range without the career offender enhancement, 46 to 57 months, but

4   also that the error worked to his "actual and substantial disadvantage," as demonstrated

5   by the discrepancy of 83 to 94 months between the guideline range without the career

6   offender enhancement and the actual sentence of 140 months imposed by the court as to

7   Count One, which reflected a downward departure.  Mot. (doc. no. 258) at 15.  The court

8   finds that this is sufficient to show prejudice.

9        Having found cause and prejudice to excuse movant's failure to raise the

10  vagueness challenge to the sentence on direct appeal, the court proceeds to consider

11  whether the holding of *Johnson* applies retroactively to a collateral challenge to the

12  career offender provision of the guidelines.

13  **II.    RETROACTIVITY**

14       Movant asserts that *Johnson* should be applied retroactively to collateral

15  challenges to the residual clause of the Guidelines.  The government contends that the

16  holding of *Johnson* does not apply retroactively on collateral review under the plurality

17  opinion in *Teague v. Lane*, 489 U.S. 288 (1989), which recognized two exceptions to the

18  general principle that new rules do not apply to cases which became final before the new

19  rules were announced.  The first exception to the nonretroactivity principle under *Teague*

20  and its progeny is for "[n]ew *substantive* rules," including "decisions that narrow the scope

21  of a criminal statute by interpreting its terms," and rules "that place particular conduct or

22  persons covered by the statute beyond the State's power to punish."  *Schriro v.*

23  *Summerlin*, 542 U.S. 348, 351-52 (2004) (citations and internal marks omitted).  "Such

24  rules apply retroactively because they necessarily carry a significant risk that a defendant

25  stands convicted of an act that the law does not make criminal or faces a punishment that

26  the law cannot impose upon him."  *Id.* at 352 (citations and internal marks omitted).  The

27  second, more limited exception under the *Teague* doctrine is for "'watershed rules of

28  criminal procedure' implicating the fundamental fairness and accuracy of the criminal

United States District Court
Northern District of California

10

1   proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990).  *See Beard v. Banks*, 542 U.S.

2   406, 417 (2004) (noting that the Supreme Court has "yet to find a new rule that falls

3   under the second *Teague* exception") (internal citations and marks omitted).

4       The court notes that this threshold issue of retroactivity is pending before the

5   Supreme Court in *Beckles*, where the Court granted certiorari review on the questions

6   whether *Johnson* applies retroactively to collateral cases challenging federal sentences

7   enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s

8   constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby

9   rendering challenges to sentences enhanced under it cognizable on collateral review.

10  The court declined to stay these proceedings during the pendency of *Beckles* after

11  determining that a stay in reaching the merits of movant's *Johnson* claim could result in

12  prejudicial delay, where movant seeks a reduced term of imprisonment that may be

13  exceeded by time served.  Doc. no. 274.  Because the government asserts that *Teague*

14  bars retroactive application of *Johnson* to movant's claim, "the court *must* apply *Teague*

15  before considering the merits of the claim."  *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994).

16      In *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016), the Supreme Court

17  held that *Johnson* announced a new substantive rule that has retroactive effect on

18  collateral review of a sentence based on a finding that a prior robbery conviction qualified

19  as a violent felony conviction under the residual clause of the ACCA, which was held

20  invalid in *Johnson.*  In holding that *Johnson* announced a substantive, rather than

21  procedural rule, the Court in *Welch* reasoned, "By striking down the residual clause as

22  void for vagueness, *Johnson* changed the substantive reach of the Armed Career

23  Criminal Act, altering 'the range of conduct or the class of persons that the [Act]

24  punishes.'"  *Id.* at 1265 (quoting *Schriro*, 542 U.S. at 353).  The Court distinguished

25  substantive from procedural rules, "considering the function of the rule, not its underlying

26  constitutional source."  *Id.*

27          "A rule is substantive rather than procedural if it alters the
            range of conduct or the class of persons that the law
28          punishes." *Schriro*, 542 U.S. at 353. "This includes decisions

that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* at 351-352 (citation omitted); *see* [*Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016)]. Procedural rules, by contrast, "regulate only the manner of determining the defendant's culpability." *Schriro*, 542 U.S. at 353. Such rules alter "the range of permissible methods for determining whether a defendant's conduct is punishable." *Ibid.* "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352.

136 S. Ct. at 1264-65.

The government distinguishes *Welch* by arguing that *Johnson,* as applied to the Sentencing Guidelines, is a procedural rule, rather than a substantive rule found in *Welch* when applied to the ACCA.  The government contends that a "rule invalidating the crime-of-violence residual clause would establish that the defendant's Guidelines range was incorrectly calculated, but it would not disturb the statutory boundaries for sentencing set by Congress for the crime."  Opp. at 9.  The Ninth Circuit has not reached the issue whether *Johnson* is procedural, for purposes of a *Teague* retroactivity analysis, when applied to the residual clause of the career offender guideline, § 4B1.2(a)(2).  *See United States v. Lee*, 821 F.3d 1124, 1127 (9th Cir. 2016) (declining, on direct review, to reach the constitutional question whether *Johnson* applied to the Sentencing Guidelines and rendered the residual clause of § 4B1.2(a)(2) unconstitutionally void because "neither of Lee's convictions would qualify as a 'crime of violence' under our pre-*Johnson* caselaw").

Since *Welch* was decided, other circuits have squarely addressed, and rejected, the government's argument that *Johnson* announced a non-retroactive procedural rule as applied to the career offender provisions of the Sentencing Guidelines.  Following *Welch,* the Fourth Circuit held that *Johnson* is retroactive as applied to the career offender guidelines, which, at the time of sentencing, defined the term "crime of violence" by reference to 18 U.S.C. § 16 (1988).  *In re Hubbard*, 825 F.3d 225, 230 (4th Cir. 2016). The Fourth Circuit reasoned that "*Welch* declared unequivocally that *Johnson* was 'a substantive decision and so has retroactive effect under *Teague* in cases on collateral

review,' and that if *Johnson* invalidates § 16(b), "some crimes will no longer fit the Sentencing Guidelines' definition of a crime of violence and will therefore be incapable of resulting in a career-offender sentencing enhancement." *Id.* at 234 (quoting *Welch*, 136 S. Ct. at 1265). "That is, the 'substantive reach' of the Sentencing Guidelines would be altered just as much as was true for the ACCA." *Id.* The court of appeals rejected the government's argument that errors in calculating the appropriate guidelines range are procedural, in light of Supreme Court authority describing the Sentencing Guidelines as "the substantive formula used to calculate the applicable sentencing range." *Id.* at 235 (citing *Peugh v. United States*, 133 S. Ct. 2072, 2088 (2013) (internal citation and marks omitted) and *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("The Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious.")).

In support of its argument that *Johnson* announced a procedural rule, the government cites *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005) (per curiam), where the court of appeals held that *Booker* announced a non-retroactive procedural rule, reasoning that "the *Booker* rule fits squarely within the [Ninth Circuit's] holding that a 'change in the law requiring that juries, rather than judges, make the factual findings on which a sentence is based [does] not announce a watershed rule of criminal procedure.'" *Id.* at 1120-21 (quoting *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (citing *Schriro*, 124 S. Ct. at 2524-26)). Opp. at 9. In *Hubbard*, however, the Fourth Circuit distinguished procedural rules, such as *Booker*, in finding that *Johnson* is not a procedural decision as applied to the Sentencing Guidelines, where invalidation of the residual clause of the career offender guidelines "would have 'nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced' as a career offender," and *Johnson*'s application to the guidelines would not, "'for example, allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision.'" 825 F.3d at 235 (quoting *Welch*, 136 S. Ct. at 1265).

13

1    Similarly, the Sixth Circuit held that *Johnson* announced a substantive rule as

2  applied to the Sentencing Guidelines, which "substantively changes the conduct by which

3  federal courts may enhance the sentence of a defendant," to grant a petitioner's motion

4  to authorize a second or successive § 2255 motion challenging his sentence under the

5  career offender guidelines.  *In re Patrick*, 833 F.3d 584, 2016 WL 4254929 at *2 (6th Cir.

6  Aug. 12, 2016) (noting that "[m]any other circuit panels, from the Second, Fifth, Seventh,

7  Eighth, Ninth, Tenth, and D.C. Circuits, have authorized a second or successive petition,

8  finding a prima facie showing that *Johnson* applies retroactively to the Guidelines.")

9  (citing *In re McCall*, 826 F.3d 1308, 1310 n.2 (11th Cir. 2016) (Martin, J., concurring)

10 (compiling cases)).

11    Finding the reasoning of the circuit courts in *Hubbard* and *Patrick* to be highly

12 persuasive, the court holds that *Johnson* is a substantive rule as applied to the career

13 offender provision of the Sentencing Guidelines, on the ground that extending *Johnson* to

14 invalidate the residual clause of § 4B1.2(a)(2) "alters . . . the range of conduct or class of

15 persons that the law punishes."  *Welch*, 136 S. Ct. at 1266 (citations omitted).  Thus,

16 under the *Teague* doctrine, *Johnson* applies retroactively to movant's collateral challenge

17 to his sentence.

18 **III.    CRIMES OF VIOLENCE**

19    The government argues that even if the residual clause of § 4B1.2 is held void for

20 vagueness under *Johnson*, movant's prior convictions for second degree robbery and for

21 inflicting corporal injury on a spouse or cohabitant do not fall under the residual clause

22 and constitute crimes of violence for purposes of career offender status.

23    **A.    Second Degree Robbery**

24    Movant challenges the government's failure to identify the statute underlying his

25 prior conviction for second degree robbery.  Having taken judicial notice of the state court

26 record, doc. no. 282-1, indicating that movant admitted to suffering a felony robbery

27 conviction in violation of Penal Code § 211 on or about September 29, 1994, which was

28

United States District Court
Northern District of California

1   reported without the statutory reference in the PSR ¶ 41, the court finds that movant

2   suffered a prior conviction for second degree robbery in violation of Penal Code § 211.

3          Movant next argues that "even assuming the conviction is for Cal. Penal Code

4   § 211, Robbery," the prior robbery conviction does not qualify as a crime of violence, as

5   defined in § 4B1.2, under the holding of *Johnson*.  The government responds that

6   robbery is a crime of violence within the meaning of the career offender guidelines

7   without relying on the residual clause, citing Application Note 1 to § 4B1.2.  Opp. at 13. [1]

8   At the time of movant's sentencing, paragraph 2 of Application Note 1 stated as follows:

> "Crime of violence" includes murder, manslaughter,
> kidnapping, aggravated assault, forcible sex offenses,
> **robbery**, arson, **extortion**, extortionate extension of credit,
> and burglary of a dwelling.  Other offenses are included as
> "crimes of violence" if (A) that offense has as an element the
> use, attempted use, or threatened use of physical force
> against the person of another, or (B) the conduct set forth
> (i.e., expressly charged) in the count of which the defendant
> was convicted involved use of explosives (including any
> explosive material or destructive device) or, by its nature,
> presented a serious potential risk of physical injury to another.

15  18 U.S.C.S. Appx. § 4B1.2 cmt. n.1 (2005) (emphasis added).  The government cites

16  authority that commentary in the Sentencing Guidelines Manual that interprets or

17  explains a guideline is binding, "unless it violates the Constitution or a federal statute, or

18  is inconsistent with, or a plainly erroneous reading of, that guideline."  *Stinson v. United*

19  *States*, 508 U.S. 36, 38 (1993).  Neither party cites controlling authority on the question

20  whether the specific offenses listed in Application Note 1 to § 4B1.2 should be interpreted

21  as expanding upon § 4B1.2's enumerated offenses clause, or as explaining the residual

22  clause which has been invalidated by *Johnson*.

---

[1]     The court notes that elsewhere in its brief, the government stated the proposition that both prior convictions for robbery and domestic violence are crimes of violence under the force clause of the career offender definition, but the government proceeds on the argument that a robbery conviction under Cal. Penal Code § 211 falls under the enumerated offenses in Application Note 1 and does not articulate any argument that robbery under California law qualifies as a crime of violence under the force clause of § 4B1.2.  *See* Opp. at 3, 13.

United States District Court
Northern District of California

1    **1.    Penal Code § 211 Constitutes Generic Robbery or Generic**

2         **Extortion Under Ninth Circuit Authority**

3         In *Becerril-Lopez*, decided before *Johnson,* the Ninth Circuit reviewed the list of

4    enumerated offenses in the commentary to § 2L1.2, applicable to unlawful reentry

5    offenses, and held that a robbery conviction under Cal. Penal Code § 211 "could only

6    result from conduct that constitutes a 'crime of violence' for purposes of U.S.S.G.

7    § 2L1.2." *United States v. Becerril-Lopez*, 541 F.3d 881, 891-93 (9th Cir. 2008).  The

8    commentary to § 2L1.2 defined a crime of violence to mean any of the following:

9              murder, manslaughter, kidnapping, aggravated assault,
               forcible sex offenses, statutory rape, sexual abuse of a minor,
10             **robbery**, arson, **extortion**, extortionate extension of credit,
               burglary of a dwelling, or any offense under federal, state, or
11             local law that has as an element the use, attempted use, or
               threatened use of physical force against the person of
12             another.

13   *Id.* at 890 (citing U.S.S.G. § 2L1.2 cmt.) (emphasis added).

14        Applying the categorical approach under *Taylor v. United States*, 495 U.S. 575

15   (1990), the court in *Becerril-Lopez* held that California's definition of robbery

16   encompassed mere threats to property and was therefore broader than generic robbery,

17   one of the crimes listed in § 2L1.2, which was defined as "aggravated larceny, containing

18   at least the elements of misappropriation of property under circumstances involving

19   immediate danger to the person."  541 F.3d at 891.  The court determined, however, that

20   "[t]akings through threats to property and other threats of unlawful injury fall within

21   generic extortion," defined as "obtaining something of value from another with his consent

22   induced by the wrongful use of force, fear, or threats," which was also defined as a "crime

23   of violence" in the commentary to § 2L1.2.  *Id.* at 891-92 (citing *Scheidler v. Nat'l Org. for*

24   *Women, Inc.*, 537 U.S. 393, 409 (2003) (internal quotation marks omitted); U.S.S.G.

25   § 2L1.2 cmt. 1(B)(iii)).  Thus, the court concluded that "if a conviction under Cal. Penal

26   Code § 211 involved a threat not encompassed by generic robbery, it would necessarily

27   constitute generic extortion and therefore be a 'crime of violence' under U.S.S.G.

28   § 2L1.2."  *Id.* at 892.  *Accord United States v. Castillo*, 811 F.3d 342, 348 (10th Cir. 2015)

United States District Court
Northern District of California

United States District Court
Northern District of California

("Our determination that a conviction under [Cal. Penal Code] section 211 in either of its forms constitutes a crime of violence requires nothing more than the unremarkable observation that section 211 prohibits conduct that would in other jurisdictions be considered one of two different—but closely related—crimes that are each crimes of violence within the meaning of § 2L1.2.") (citing *Becerril-Lopez*).

In *United States v. Dixon*, 805 F.3d 1193, 1194 (9th Cir. 2015), the court distinguished *Becerril-Lopez*, without questioning its validity in the wake of *Johnson,* to hold that a violation of Cal. Penal Code § 211 does not meet the ACCA's definition of "violent felony," as set forth in 18 U.S.C. § 924(e)(1), which does not include robbery among the enumerated offenses.  "We previously determined that CPC § 211 is categorically a 'crime of violence' under U.S.S.G. § 2L1.2 because, in all its applications, CPC § 211 always constitutes either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of "'crime of violence.'"  *Id.* at 1196 (citing *United States v. Flores–Mejia*, 687 F.3d 1213, 1215–16 (9th Cir. 2012); *Becerril-Lopez*, 541 F.3d at 892–93).  "Unlike U.S.S.G. § 2L1.2, however, the ACCA's definition of 'violent felony' includes only generic extortion; it omits generic robbery."  *Id.* (citing 18 U.S.C. § 924(e)(2)(B)(ii)).  "Thus, although they are useful precedents, *Flores-Mejia* and *Becerril-Lopez* do not control the outcome of this case."  *Id.*  As articulated by the court in *Dixon*, its holding, that a violation of Cal. Penal Code § 211 is not a "violent felony" under the ACCA, does not call into question the holding of *Becerril-Lopez* recognizing robbery under California law as a categorical crime of violence under the "enumerated offenses" definition in the Sentencing Guidelines.  *See Flores-Mejia*, 687 F.3d at 1216 ("since the 'enumerated offenses' definition does not require us to apply the element test, the underlying conviction need not be for an offense that involves the intentional use of force") (internal citations and marks omitted).

In several unpublished decisions, the Ninth Circuit has continued to recognize *Becerril-Lopez* as controlling law on the issue whether the California robbery statute is a categorical crime of violence as defined under the Sentencing Guidelines.  *See United*

17

1  *States v. Tate*, No. 15-10283, 2016 WL 4191909 at *1 (9th Cir. Aug. 9, 2016) ("*Becerril-*

2  *Lopez* controls here: Tate, who committed robbery under § 211, necessarily committed

3  either generic robbery or generic extortion, which are both listed as crimes of violence in

4  §§ 4B1.2(a)(2) and 4B1.2's Application Note 1."), *pet. for reh'g denied* Sept. 16, 2016;

5  *United States v. Manzo-Solano*, 2016 WL 1554120 at *1 (9th Cir. April 18, 2016) (holding

6  that *Becerril-Lopez* foreclosed the defendant's argument on direct appeal "that the district

7  court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)

8  because his prior conviction for second degree robbery under California Penal Code

9  §§ 211 and 212.5(c) is not a crime of violence."); *United States v. Mazariego-Gomez*,

10  2016 WL 1554135 at *1 (9th Cir. April 18, 2016) (appellant's argument that his prior

11  conviction under California Penal Code § 211 was not a crime of violence under § 2L1.2

12  is "foreclosed") (citing *Becerril-Lopez*, 541 F.3d at 893 & n.10), *cert. denied,* No. 15-9828

13  (Oct. 3, 2016).

14        **2.      Expanded List of Enumerated Offenses in Application Note 1 to**

15              **§ 4B1.2 Includes Robbery**

16        The court in *Becerril-Lopez* held that robbery was a categorical crime of violence

17  as defined in the commentary to § 2L1.2 which does not contain a residual clause, unlike

18  the definition of "crime of violence" set forth in the text of § 4B1.2.  The offense of

19  extortion appears in both the enumerated offenses clause of § 4B1.2 and in the list of

20  offenses specified in Application Note 1 to § 4B1.2, but the offense of robbery appears

21  only in Application Note 1.  In light of *Becerril-Lopez*'s continued validity, the central

22  dispute presented here is whether the offenses enumerated in Application Note 1

23  expands on the enumerated offenses clause of § 4B1.2, or whether the offenses

24  specified in Application Note 1 describe crimes of violence under the residual clause

25  which has been rendered invalid by *Johnson.*  There is out-of-circuit authority to support

26  both views, but the Ninth Circuit has not reached this question.  Since *Johnson* was

27  decided, the Ninth Circuit has not issued an opinion distinguishing the enumerated

28  offenses listed in the commentary to § 2L1.2, which was at issue in *Becerril-Lopez,* from

18

1   the enumerated offenses listed in Application Note 1 to § 4B1.2.  Nor is there published

2   Ninth Circuit authority on whether robbery and the other enumerated offenses in

3   Application Note 1 to § 4B1.2 categorically qualify as crimes of violence.[2]

4          The Ninth Circuit's unpublished decision in *Tate* is consistent with the view that the

5   more extensive list of enumerated offenses in Application Note 1 is read together with the

6   enumerated offenses clause of the text of § 4B1.2, rather than the residual clause.  In

7   *Tate*, 2016 WL 4191909 at *1, the Ninth Circuit rejected the defendant's argument on

8   appeal that his previous second degree robbery conviction under California Penal Code

9   § 211 did not qualify as a crime of violence under U.S.S.G. § 2K2.1, which applies an

10  enhanced base offense level for a felon in possession of a firearm subsequent to a

11  conviction for a "crime of violence," as defined "in § 4B1.2(a) and Application Note 1 of

12  the Commentary to § 4B1.2."  *See* U.S.S.G. § 2K2.1 cmt. n.1.  The court in *Tate* noted

13  that "Application Note 1 of § 4B1.2 states that robbery and extortion are both crimes of

14  violence."  2016 WL 4191909 at *1 (citing U.S.S.G. § 4B1.2 cmt. n.1 and § 4B1.2(a)(2)).

15  Citing *Becerril-Lopez* as controlling circuit authority left "undisturbed by *Johnson*," the

16  court in *Tate* held that robbery under § 211 is categorically a "crime of violence" because

17  a defendant who commits robbery under § 211 necessarily commits either generic

18  extortion or generic robbery.  2016 WL 4191909 at *1 (citing *Becerril-Lopez*, 541 F.3d at

19  891-93; U.S.S.G. § 4B1.2 cmt. n.1.).

20         Outside the Ninth Circuit, other circuits have taken opposing views interpreting the

21  offenses specified in the commentary to 4B1.2.  In *United States v. Soto-Rivera*, 811 F.3d

22

23  _____

24  [2]        This issue is currently pending before the Ninth Circuit in two cases on direct
    appeal challenging sentences based on findings that prior robbery convictions qualified
25  as crimes of violence: *United States v. Andrews,* No. 15-10030 (notice of appeal filed
    Jan. 26, 2015) (raising supplemental argument after *Johnson* that the commentary to
26  section 4B1.2, which provides that the term "crime of violence" includes robbery, lacks
    freestanding definitional power to override the text of the guideline, which is limited to the
27  "elements" and "enumerated" clauses under *Johnson*), *submission deferred* July 28,
    2016; *United States v. Biddles,* No. 15-50463 (notice of appeal filed Oct. 29, 2015)
28  (presenting the question whether California Penal Code 211 is a categorical crime of
    violence based on a provision that appears in the commentary to U.S.S.G. § 4B1.2, but
    not in the text of the guideline), *held in abeyance* Oct. 6, 2016.

53, 60 (1st Cir. 2016), the First Circuit held that, in the wake of *Johnson,* a prior

conviction for being a felon in possession of a firearm, as described in Application Note 1,

¶ 3 to § 4B1.2, does not qualify as a "crime of violence" if § 4B1.2 is stripped of the

residual clause because there is "no mechanism or textual hook in the Guideline" to

import the offenses described in Application Note 1 into the definition of a crime of

violence.  Accordingly, the First Circuit held that the commentary at issue, stating that

"'crime of violence' does not include the offense of unlawful possession of a firearm by a

felon, unless the possession of a firearm was of a firearm described in 26 U.S.C.

§ 5845(a)," does not offer an independent basis for finding a predicate crime of violence.

*Id.* at 59-60.  "[I]n the absence of the residual clause, there is no textual hook in

Guidelines § 4B1.2(a) to allow for the conclusion that his possession of a firearm

constituted a crime of violence."  *Id.* at 61.  In other words, the court in *Soto-Rivera*

determined that the defendant's prior conviction for possession of a machinegun, as

described in 26 U.S.C. § 5845(a), could not qualify as a "crime of violence" under

Application Note 1 without referring back to the residual clause of § 4B1.2, which the

government conceded was rendered invalid by *Johnson.  Id.*

        The defendant in *Tate* cited *Soto-Rivera* as supplemental authority in support of

his argument that the commentary to § 4B1.2 has no free-standing authority and that

because the offenses enumerated in the commentary explain the residual clause, the

offenses listed in the commentary are invalidated with the residual clause under *Johnson*.

*Tate*, No. 15-10283, doc. no. 32 (9th Cir. June 8, 2016).  Although the court in *Tate* did

not expressly address this argument or distinguish *Soto-Rivera,* the court relied on the

expanded list of enumerated offenses contained in Application Note 1 and implicitly

rejected the view that *Johnson* rendered the commentary to § 4B1.2 invalid or

inconsistent with the text of the guideline itself.  *Tate*, 2016 WL 4191909 at *1.

        In contrast to the reasoning of *Soto-Rivera,* several other circuits expressly

recognize that "[t]he commentary to § 4B1.2, more specifically Application Note 1 thereof,

expands upon the roster of enumerated offenses by specifying additional ones, such as

1   manslaughter and kidnapping, that also constitute crimes of violence."  *United States v.*

2   *Mobley*, 687 F.3d 625, 628–29 (4th Cir. 2012) (citing U.S.S.G. § 4B1.2, cmt. n. 1).  *See*

3   *also United States v. Marrero*, 743 F.3d 389, 398-99 (3d Cir. 2014) ("offenses listed in

4   what is now Application Note 1 to § 4B1.2 should be considered 'enumerated' offenses

5   for purposes of the crime-of-violence analysis") (citing decisions of other circuits), *cert.*

6   *denied*, 135 S. Ct. 950 (2015) *and abrogated on other grounds by Johnson.*  Recently,

7   the Fifth Circuit rejected a *Johnson* challenge to a career offender sentencing

8   enhancement, holding that "Application Note 1 to § 4B1.2 specifically enumerates

9   aggravated assault as a 'crime of violence.'"  *United States v. Jeffries*, 822 F.3d 192, 193

10  (5th Cir.) (per curiam), *pet. for reh'g denied*, 829 F.3d 769 (5th Cir. 2016).

11          The court finds the weight of this circuit authority, treating the offenses listed in

12  paragraph 2 of Application Note 1 as enumerated offenses, to be more persuasive and

13  more relevant to the question presented in this case than the First Circuit's limited holding

14  in *Soto-Rivera.*  There, the First Circuit issued a "narrow" ruling that "Soto-Rivera's

15  particular crime of conviction does not qualify as a 'crime of violence' under the

16  Guidelines."  811 F.3d at 54.  The court in *Soto-Rivera* was not presented with the

17  question whether the list of enumerated offenses specified in Application Note 1 ¶ 2,

18  including generic robbery and extortion, refers back to the residual clause of § 4B1.2 or

19  expands on the enumerated offenses clause.  The reasoning of *Soto-Rivera,* that the

20  absence of the residual clause leaves "nothing within § 4B1.2(a)'s text to serve as an

21  anchor for Application Note 1's inclusion of possession of a machinegun" in paragraph 3,

22  does not apply squarely to the list of offenses specified in paragraph 2 of Application

23  Note 1, which includes three of the offenses that are identified in the enumerated

24  offenses clause of § 4B1.2: arson, extortion and burglary of a dwelling.  The presence of

25  those three enumerated offenses in both the text of § 4B1.2 and its commentary provide

26  the "textual hook" that was lacking in *Soto-Rivera,* which did not concern the enumerated

27  offenses listed in Application Note 1 ¶ 2.

28

In light of recent Ninth Circuit authority, both published and unpublished, recognizing the continued validity of the holding of *Becerril-Lopez* that robbery under California Penal Code § 211 is a categorical crime of violence as defined in the commentaries to the Sentencing Guidelines, the court determines that movant's prior conviction for second degree robbery qualifies as a crime of violence under § 4B1.2 and Application Note 1 to § 4B1.2.

### B.    Domestic Violence

Movant contends that the prior conviction for inflicting corporal injury on a spouse or cohabitant no longer qualifies as a crime of violence in light of *Johnson.* Mot. at 14. Movant also challenges the career offender enhancement on the ground that the PSR failed to specify the Penal Code section underlying his domestic violence conviction. Reply at 10. As with his challenge to the government's failure to identify the statute underlying his prior robbery conviction, movant failed to raise this particular objection to the career offender enhancement at the time of sentencing. The court has taken judicial notice of the state court abstract of judgment which clearly establishes that movant suffered a felony conviction in Alameda County Superior Court for inflicting corporal injury on a spouse or cohabitant in violation of Penal Code § 273.5. Doc. no. 282-1; PSR ¶ 42.

Ninth Circuit authority recognizes that a conviction for willful infliction of corporal injury under California Penal Code § 273.5(a) is categorically a crime of violence as defined by the force clauses of 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, which are similar to the force clause at issue under U.S.S.G. § 4B1.2. *Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1083-84 (9th Cir. 2010). *See also United States v. Ayala-Nicanor,* 659 F.3d 744, 752 (9th Cir. 2011) (holding that § 273.5 is a categorical crime of violence under the force clause of the illegal reentry guidelines, § 2L1.2); *United States v. Laurico-Yeno,* 590 F.3d 818, 823 (9th Cir. 2010) (same). Applying the *Taylor* categorical approach, the court in *Banuelos-Ayon* looked to federal law governing removability, 8 U.S.C. § 1227(a)(2)(E), to define "crime of domestic violence," which included any crime of violence, as defined in 18 U.S.C. § 16, against a person committed by an individual with whom the person

United States District Court
Northern District of California

shares a child in common, and looked to California courts to determine the elements of Penal Code § 273.5(a).  611 F.3d at 1084 (citing *Johnson (Curtis) v. United States*, 559 U.S. 133, 138 (2010)).  The Ninth Circuit held that under state law, "§ 273.5(a) requires that 'corporal injury results from a *direct application of force* on the victim by the defendant.'"  *Banuelos-Ayon,* 611 F.3d at 1085 (citing *People v. Jackson*, 77 Cal. App. 4th 574, 580 (2000)).  The court in *Banuelos-Ayon* applied the categorical approach to determine that a conviction under § 273.5(a) requires the direct use of force against a person, and that this "direct application of force" requirement is equivalent to the "intentional use of force" necessary to satisfy the force clause of 18 U.S.C. § 16(a), which requires a "higher degree of intent than negligent or merely accidental conduct."  *Id.* at 1082, 1084-85 (citing *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc); *Jackson*, 77 Cal. App. 4th at 580).

Under controlling circuit authority, the court holds that movant's prior conviction for violation of § 273.5 qualifies as a crime of violence under the force clause of § 4B1.2(a).  Accordingly, movant has not demonstrated that he is entitled to relief from his sentence.

**IV.   CONCLUSION**

For the reasons set forth above, the court DENIES Branch's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

**CERTIFICATE OF APPEALABILITY**

To obtain a certificate of appealability ("COA"), a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The court finds that movant's claim, that he was sentenced based on a finding that he had at least two prior convictions that qualified as crimes of violence under the residual clause of U.S.S.G.

United States District Court
Northern District of California

§ 4B1.2 in violation of his rights to due process and his right against excessive punishment, meets that standard.  Accordingly, the court GRANTS a COA on that claim.

　　　　**IT IS SO ORDERED.**

Dated:  October 21, 2016

_____

PHYLLIS J. HAMILTON
United States District Judge